## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

BAMBIE L. BRADLEY,
ADC #705175                                                                                     PLAINTIFF

V.                                         4:15CV00719 SWW-JTR

JOHN and JANE DOES,
Unknown Wal-Mart CEO,
Clothing Stock Employee, and
Claims Officer                                                                                   DEFENDANTS

## **RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I.  Introduction

Plaintiff, Bambie L. Bradley, is a prisoner in the McPherson Unit of the Arkansas Department of Correction. She has filed this *pro se* § 1983 action alleging

that Defendants violated her constitutional rights. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that this case be dismissed, without prejudice.[1]

## II. Discussion

Plaintiff alleges that, on May 9, 2013, she injured herself when she tripped and fell while shopping at a Wal-Mart Super Center located in Conway, Arkansas. *Doc. 1.* Plaintiff asserts that this court has jurisdiction to hear that claim pursuant to 42 U.S.C. § 1983. *Id.* at 3. However, a § 1983 claim must be premised on an alleged violation of a federal constitutional or statutory right, and not mere negligence as alleged by Plaintiff. *See Henley v. Brown*, 686 F.3d 634, 640 (8th Cir. 2012); *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005). Additionally, a § 1983 action can only be brought against state actors or persons acting under color of state law. *Scheeler v. City of St. Cloud, Minn.,* 402 F.3d 826, 830 (8th Cir. 2005); *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). All of the

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

Defendants named in the Complaint are private citizens, and not state actors or persons acting under color of state law. Thus, Plaintiff has not pled a viable § 1983 claim.

Instead, Plaintiff's allegations are more properly characterized as a state law negligence claim. Federal courts have jurisdiction to hear state law claims only if the parties are from different states. 28 U.S.C. § 1332(a)(1); *Altimore v. Mt. Mercy College,* 420 F.3d 763, 768 (8th Cir. 2005). Here, Plaintiff alleges that she and all of the Defendants are residents of Arkansas. Thus, this federal court does not have jurisdiction to hear Plaintiff's state law negligence claim.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITHOUT PREJUDICE.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 4th day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE